Commonwealth *v.* Keefe.

1 T. R. 754. *Clarke* v. *Periam,* 2 Atk. 339. 2 Chit. Crim. Law 39, *note.* 3 Chit. Crim. Law, 671. *Exceptions overruled.**

---

## COMMONWEALTH *vs.* JAMES KEEFE.

An acquittal on an indictment for being a common seller of intoxicating liquors on the 3d of June, and thence to the day of the finding of the indictment, is no bar to a prosecution for an unlawful sale on the 2d of June.

A complaint, which charges an unlawful sale of intoxicating liquor, "contrary to the form of the statute in such case made and provided," need not allege whether the offence was in violation of the *St.* of 1852, c. 322, or of the *St.* of 1855, c. 215.

A complaint, which charges the defendant with selling intoxicating liquor, "without being duly authorized and appointed thereto according to law," sufficiently negatives the defendant's right to sell in any mode not prohibited by law.

A complaint, which charges, in words at length, the time of the commission of an offence, is not affected by the addition, in figures, of the date when the complaint is made.

The jurat of a complaint for an offence may describe the date of the oath as "the third day of June A. D. 1856."

On a complaint, signed by one who thereby "complains and on oath informs" the magistrate of the commission of an offence, a jurat is sufficient which merely states "Received and sworn to" on a certain day, before the magistrate.

---

THE defendant appealed to the court of common pleas from the judgment of a justice of the peace against him on his plea of not guilty to this complaint:

" To James P. Ellis, Esq., one of the justices of the peace within and for the county of Bristol: Peter C. Thayer, of Taunton in the county of Bristol, complains, and on oath informs the said justice, that James Keefe, of Taunton in the county of Bristol, at Taunton aforesaid in the county aforesaid, on the second day of June in the year eighteen hundred and fifty six, did, without being duly authorized and appointed thereto according to law, sell to one James Kelly intoxicating liquors, and mixed liquors part of which was intoxicating, against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided. Wherefore the said Thayer prays that the said James Keefe may be apprehended and held to answer to this complaint, and further dealt with, relative to the same, according to law. June 3, 1856. Peter C. Thayer.

" Bristol, ss. Received and sworn to on the third day of June A. D. 1856.

" Before me, James P. Ellis, Justice of the Peace."

When the case was called for trial in the court of common pleas, at September term 1856, before *Aiken,* J., the defendant offered to plead specially a former acquittal; and, being allowed by the court to give it in evidence under the general issue, offered the record of his acquittal at the same term, on an indict ment charging him with being a common seller on the 3d of June 1856, and from that day to the day of finding that indict ment. The evidence for the Commonwealth tended to show a sale to Kelly on the 2d of June 1856.

The defendant then asked the court to instruct the jury, " that evidence showing a sale on the third day of June, or any day previous, would be admissible to substantiate the charge in the complaint; and that, as evidence of a sale to Kelly on the third day of June would have been admissible to prove the charge of being a common seller as aforesaid, a verdict of not guilty upon this charge would be a bar to further proceedings on the complaint, and would entitle the defendant to an acquittal here."

The court declined so to instruct the jury; but instructed them " that the verdict relied upon in defence would not be a bar to a sale made prior to the said third day of June; and that if they were satisfied, beyond a reasonable doubt, that the defendant had sold, as charged in the complaint, on a day prior to said third day of June, they would be authorized to find the defendant guilty; " and directed them to find by their verdict on what day the sale was made. The jury returned a verdict of guilty, and that the sale was made on the 2d of June. The defendant alleged exceptions.

The defendant also moved in arrest of judgment for the following reasons :

" 1. The complaint does not set forth an offence, with the certainty required by the statutes now in force in this commonwealth respecting the sale of spirituous and intoxicating liquors; in that it does not specify that the sale was made in violation of the provisions of the act of 1855, chapter 215, or of the act of 1852, chapter 322 ; said acts respectively requiring that, in order to constitute an offence, the sale should be ' in violation of the provisions of this act.'

" 2. It not being necessary to prove the time as laid in the complaint, it does not set forth with sufficient certainty what statute, if any, has been violated.

" 3. It does not set forth in words the time of making the complaint, nor does it sufficiently appear when and by whom it was sworn to."

This motion was overruled, and the defendant again excepted.

*J. Brown,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. 1. The jury were correctly instructed that a sale on the 2d of June could not have been given in evidence on the trial of the indictment which charged the defendant with being a common seller on the 3d of that month and afterwards. *Commonwealth* v. *Elwell,* 1 Gray, 463. His acquittal of that charge, therefore, is no defence to this. The exceptions taken to the instructions given to the jury must be overruled.

2. The motion in arrest of judgment must also be overruled The complaint charges, in the proper and accustomed terms, that the sale was made " contrary to the form of the statute in such case made and provided." It was unnecessary, and would have been unprecedented, to set forth the date of the statute, or otherwise describe it. 2 Hale P. C. 172. Whether the alleged sale was a violation of *St.* 1855, *c.* 215, or of *St.* 1852, *c.* 322 was shown by proof of the day on which it was made ; and we need not now inquire whether proof of a sale before the *St.* of 1855 took effect would have supported this complaint. *Commonwealth* v. *Hitchings*, 5 Gray, 482.

3. But it is objected that the complaint is fatally defective, in not properly negativing the defendant's legal right to make the sale with which it charges him ; the charge being, that he made the sale "without being duly authorized and appointed thereto according to law." The point of this objection is, that the complaint charges the defendant with selling without an appointment *and also* without any other authority ; whereas either an appointment *or* any other authority is sufficient for his defence, and therefore the complaint sets forth no violation of the statute; as the defendant might have been innocent, by having authority, without having an appointment to sell.

It was decided in *Commonwealth* v. *Lafontaine*, 3 Gray, 479, that a complaint on *St.* 1855, *c.* 215, as well as a complaint on *St.* 1852, *c.* 322, sufficiently negatives a defendant's right to sell intoxicating liquors, by alleging that he sold them "without having any legal appointment *or* authority therefor ; " that authority to sell them may be derived either from an appointment by the selectmen of a town or by the mayor and aldermen of a city, as provided for by § 5 of *St.* 1855 ; or from county commissioners, as provided for by § 9 ; or from any other provisions of that statute, which render the sale of such liquors lawful. It is therefore clear that it is sufficient, in a complaint or indictment, to negative the defendant's " authority " to sell, without also, in terms, negativing his " appointment" to sell. If he has no authority, he can have no appointment, for an appointment confers authority ; and negativing an appointment, besides neg

ativing an authority, is superfluous. And averments which are altogether superfluous and immaterial, and which are not descriptive of the identity of the offence charged, may be rejected as surplusage, either on trial or on a motion in arrest of judgment, if an indictment or complaint can be supported without those averments. 2 Gabbett Crim. Law, 200. 2 Russell on Crimes, (7th Amer. ed.) 786, 788. *United States* v. *Howard*, 3 Sumner, 15. *Rex* v. *Howarth*, 3 Stark. R. 26. *The King* v. *Jones*, 2 B. & Ad. 614. *Commonwealth* v. *Baker*, 10 Cush. 405. In the present case, the words "and appointment," in the complaint, may be .stricken out, and yet a sufficient charge against the defendant be left. On his trial, proof of any authority, howsoever derived, to make the sale with which he was charged, would have secured his acquittal.

In *Commonwealth* v. *Murphy*, 2 Gray, 510, the complaint charged the defendant with being a common seller of intoxicating liquors, " not being duly appointed *and* authorized therefor." The exceptions in that case were overruled, though there was precisely the same objection to'that complaint which is made to this. But as the point which has been made in this case was not there suggested by counsel nor considered by the court, we have not deemed the judgment in that case an authority against this defendant.

In *Commonwealth* v. *Clapp*, 5 Gray, 97, also, an allegation precisely like that adopted in the present case was held good, upon the authority of *Commonwealth* v. *Lafontaine*, 3 Gray, 479, without particularly remarking upon the difference between the two cases.

4. The complaint duly sets forth the time of the commission of the offence, in words, at length. The addition of the date at the end of the complaint was mere surplusage, and may therefore be rejected.

It is unnecessary to decide whether the mode of stating the date in this jurat would be sufficient in a complaint. See *Commonwealth* v. *Clark*, 4 Cush. 596; *Commonwealth* v. *McLoon*, 5 Gray, 91. The precision required in an indictment or complaint, which states the charge on which the defendant is to be

tried, is not necessary in the jurat, which is a mere certificate of the magistrate that the requisite oath has been taken. It is the uniform practice, in jurats, to state the year in figures ; and we believe this objection is now made for the first time. See *Empey* v. *King*, 13 M. & W. 519; *Commonwealth* v. *Hutton*, 5 Gray, 89 ; 3 Chit. Gen. Pract. 340.

It sufficiently appears on this complaint and jurat that the oath was made by the complainant. See *Jackson* v. *Gumaer*, 2 Cow. 560. *Exceptions overruled.*